UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                 :
THE NEW YORK STATE NURSES             :
ASSOCIATION,                                    :
                                                 :    Case No.
                          Plaintiff,             :
                            vs.                          :    [PROPOSED]
                                                 :    **ORDER TO SHOW CAUSE**
MONTEFIORE MEDICAL CENTER,         :    **AND TEMPORARY**
                                                :    **RESTRAINING ORDER**
                               Defendant.          :
                                                 :
------------------------------------------------------------- x

Upon the filing and reading of the Complaint, and Memorandum of Law in Support of Injunctive Relief dated April 20, 2020; the Declaration of Marlena Fontes dated April 19, 2020, the Affidavit of Lisa Baum dated April 17, 2020; the Affidavit of Benny Mathew dated April 17, 2020, and the Affidavit of Pamella Brown-Richardson dated April 17, 2020,

**IT IS ORDERED** that MONTEFIORE MEDICAL CENTER ("Defendant") appear before The Honorable _____, at Courtroom \_\_\_. of this Court, 500 Pearl Street, New York, NY 10007, at \_\_\_\_:\_\_\_ \_\_\_.m on the _____ of _____, 2020, or as soon thereafter as counsel can be heard, to show cause why an Order should not be entered pursuant to Rule 65 of the Federal Rules of Civil Procedure and Section 301 of the Labor Management Relations Act compelling the Defendant, its officers, agents, servants, and employees, and all other persons acting under their or on their behalf, with respect to registered nurses ("RNs") employed by Defendant at Montefiore Medical Center (Moses Division), Jack D. Weiler Hospital of the Albert Einstein College of Medicine, Westchester Square Campus, Hutchinson Campus, and Montefiore Home Health Agency: (1) to provide Personal Protective Equipment such as properly fitted protective N95 (or superior) masks, undamaged and clean face shields, and non-permeable gowns, in sufficient number so that they may be changed when

needed; (2) to provide a secure space to don and doff such items so that disease-free areas in the hospital do not become contaminated; (3) to provide so-called "negative pressure rooms" so that disease-infected air does not linger or, at the very least, an adequate number of high-efficiency particulate air ("HEPA") filters; (4) to provide powered air-purifying respirator ("PAPR") suits for those employees whose physicality makes it difficult for them to work while wearing traditional masks; (5) to comply complying with the staffing ratios of the CBA, particularly with respect to patients on in the ICU and on ventilators; (6) to refrain from requiring the RNs to operate equipment on which they had not been trained, requiring the RNs to work outside their competencies, without adequate training, and requiring the RNs to perform tasks for which they do not have training and/or certification; (7) to enforce the visitor policy; (8) to provide adequate coronavirus testing of RNs on demand, including antibody testing; (9) to refrain from directing RNs under quarantine/isolation orders or doctor attestations, or who otherwise reported having COVID-19 symptoms, to use their own sick bank and/or return to work after 7 days, regardless of whether the RNs' symptoms had improved; and (10) to reasonably accommodate nurses with underlying medical issues (such as autoimmune disorders or pregnancy) and provide the statutorily-protected leave or accommodations; and

**IT IS FURTHER ORDERED** that, sufficient reason having been shown therefore, pending a hearing and determination of THE NEW YORK STATE NURSES ASSOCIATION'S ("Plaintiff") application for an injunction and other relief, the Defendant, its attorneys, agents, servants, employees, representatives and all persons acting in concert or participating with them are temporarily required, with respect to RNs employed by Defendant at Montefiore Medical Center (Moses Division), Jack D. Weiler Hospital of the Albert Einstein College of Medicine, Westchester Square Campus, Hutchinson Campus, and Montefiore Home

Health Agency: (1) to provide Personal Protective Equipment such as properly fitted protective N95 (or superior) masks, undamaged and clean face shields, and non-permeable gowns, in sufficient number so that they may be changed when needed; (2) to provide a secure space to don and doff such items so that disease-free areas in the hospital do not become contaminated; (3) to provide so-called "negative pressure rooms" so that disease-infected air does not linger or, at the very least, an adequate number of high-efficiency particulate air ("HEPA") filters; (4) to provide powered air-purifying respirator ("PAPR") suits for those employees whose physicality makes it difficult for them to work while wearing traditional masks; (5) to comply complying with the staffing ratios of the CBA, particularly with respect to patients on in the ICU and on ventilators; (6) to refrain from requiring the RNs to operate equipment on which they had not been trained, requiring the RNs to work outside their competencies, without adequate training, and requiring the RNs to perform tasks for which they do not have training and/or certification; (7) to enforce the visitor policy; (8) to provide adequate coronavirus testing of RNs on demand, including antibody testing; (9) to refrain from directing RNs under quarantine/isolation orders or doctor attestations, or who otherwise reported having COVID-19 symptoms, to use their own sick bank and/or return to work after 7 days, regardless of whether the RNs' symptoms had improved; and (10) to reasonably accommodate nurses with underlying medical issues (such as autoimmune disorders or pregnancy) and provide the statutorily-protected leave or accommodations; and

        **IT IS FURTHER ORDERED** that service of these papers along with supporting papers upon the Defendant via e-mail to _____ on or before the \_\_\_\_ day of _____, 2020 shall be deemed good and sufficient service; and

**IT IS FURTHER ORDERED** that responsive papers, if any, shall be served by e-mail upon Plaintiff's attorney on or before _____, 2020.

Dated: April \_\_, 2020

_____
UNITED STATES DISTRICT JUDGE