```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                            :
THE NEW YORK STATE NURSES ASSOCIATION,                      :
                                                            :
                              Plaintiff,                    :
                                                            :          20-CV-3122 (JMF)
                -v-                                         :
                                                            :          ORDER APPOINTING
MONTEFIORE MEDICAL CENTER,                                  :          MARLENE GOLD AS
                                                            :              MEDIATOR
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Upon review of the parties' submissions with respect to the appointment of a mediator in this matter, the Court hereby selects **Marlene Gold** to serve. Ms. Gold has confirmed that she is able and willing to serve as the mediator in this matter and that she is available to begin meeting with the parties immediately. Counsel shall promptly contact Ms. Gold to negotiate to arrange to conduct the mediation conference as soon as practicable.

Unless and until the Court orders otherwise, Ms. Gold's service as mediator is subject to the following terms and conditions:

1. Ms. Gold's authority is limited to helping the parties seek an agreed-upon resolution of this litigation (and the related grievance filed by Plaintiff). *See* ECF No. 5.

2. Ms. Gold has the authority to schedule settlement discussions at times that are mutually convenient for herself and the parties.

3. Ms. Gold, all counsel and parties, and any other persons participating in settlement discussions shall treat as "Highly Confidential Information" the contents of any written settlement statements or other settlement-related communications, anything that

happened or was said, and any position taken or view expressed by any participant in connection with any settlement conference or discussion. "Highly Confidential Information" under this order shall not be:

    a. Disclosed to anyone other than attorneys (and their designated experts) whose primary responsibilities include overseeing the litigation in the above-captioned matter;

    b. Disclosed to the Court (except as set forth herein); or

    c. Used for any purpose, including impeachment, in any pending or future proceeding.

4.     To facilitate settlement discussions, Ms. Gold may have ex parte communications with any party and party representative. If a party does not want Ms. Gold to share any of the contents of an ex parte communication with another party, the sharing party shall make that clear to Ms. Gold, and she will not share that information.

5.     Notwithstanding paragraph 3(b) above, upon the agreement of all participating parties, Ms. Gold may communicate "Highly Confidential Information" to the Court without violating this Order or the rules governing confidentiality of settlement discussions. Ms. Gold may communicate on an ex parte basis with the Court regarding (a) non-confidential matters, including procedural issues and general updates on the progress of settlement communications; and (b) proposed modifications to this Order.

6.     Given the nature of the issues involved, the Court intends to issue a decision on the pending and anticipated motions as expeditiously as possible. Ms. Gold may advise the Court (with or without the parties' agreement) if she believes that the parties are making progress in their negotiations and that the Court should delay issuing a decision to allow the

negotiations to continue. The timing of the Court's decision on the pending and anticipated motions is, of course, ultimately up to the Court.

7. Plaintiff and Defendant shall split the costs associated with Ms. Gold's service. That is, Plaintiff and Defendant shall each pay one-half (1/2) of any costs associated with Ms. Gold and any personnel working under Ms. Gold's direction at their normal and customary hourly rates. Additionally, Ms. Gold may incur necessary expenses and costs at reasonable amounts to permit her to fully facilitate settlement of this action, and the parties shall each reimburse Ms. Gold for one-half (1/2) of such costs and expenses. Such costs and expenses may consist of, but are not limited to, the engagement of additional necessary personnel, including any outside experts. Any disputes regarding compensation, costs and expenses, or the allocation of payment of such fees and costs among the parties, may be brought to the Court's attention, but only after the parties have conferred in good faith, with or without Ms. Gold's assistance, to resolve or narrow the dispute.

8. If either party believes that this Order should be modified in any way, it shall confer in good faith with the other side and then seek relief by way of letter motion.

The Court thanks Ms. Gold in advance for her service to the parties and the Court.

SO ORDERED.

Dated: April 22, 2020
New York, New York

JESSE M. FURMAN
United States District Judge

3